UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA :
:
v. : CASE No. 8:12-CV-862-T-23TGW
:
TIMOTHY J. CHADEE :
_____ :

REPORT AND RECOMMENDATION

In this case, the defendant filed a motion pursuant to 28 U.S.C. 2255 in which he alleged, among other things, that his appointed attorney failed to honor his request to file a direct appeal on his behalf. That issue was referred to me to conduct an evidentiary hearing to determine whether the defendant is entitled to a delayed appeal. At the time scheduled for the evidentiary hearing, the defendant withdrew that contention. I therefore recommend that this remaining ground of the plaintiff's §2255 motion be denied as withdrawn.

I.

The defendant was charged in September 2010 in a three-count indictment with possession of cannabis with the intent to distribute, being a

felon in possession of a firearm, and possession of a firearm in furtherance of a drug trafficking crime (Case No. 8:10-CR-367-T-23TGW, Doc. 1). The defendant was convicted, pursuant to a written plea agreement, of possessing cannabis with the intent to distribute and for being a felon in possession of a firearm (id., Docs. 19, 26). The written plea agreement contains an express waiver of the defendant's right to appeal or collaterally attack his sentence (id., Doc. 19).

In return for the defendant's guilty plea on those two counts, the Government dismissed count three of the indictment (id., p. 2). As United States District Judge Steven D. Merryday noted, the defendant benefitted significantly from the dismissal of the charge of possession of a firearm in furtherance of a drug trafficking crime, as a conviction for that crime would have carried an additional minimum mandatory consecutive prison term (Doc. 9, p. 10).

The defendant was subsequently sentenced to 110 months in prison, which is the low end of the guideline range after enhancement (Case

No. 8:10-CR-367-T-23TGW, Docs. 25, 26).[*] At the sentencing hearing, defense counsel confirmed that she and the defendant had reviewed the presentence report (PSR), and they had no objection to the facts or the guidelines set forth in the PSR (see id., Doc. 32, p. 4). The defendant did not file a direct appeal of his sentence.

However, the defendant filed a motion to vacate his sentence pursuant to 28 U.S.C. 2255, alleging that his guilty plea was involuntary, and that he received ineffective assistance of counsel, because his counsel allegedly gave him erroneous advice regarding the number of years he would serve in prison and failed to advise him that his sentence would be enhanced (Doc. 5). The defendant also alleged in the motion that his counsel failed to file a direct appeal of his sentence as he requested her to do.

Judge Merryday denied the motion to vacate with regard to the defendant's claim that he received ineffective assistance of counsel regarding the possible length of the defendant's prison sentence (Doc. 9). Judge Merryday referred to me for an evidentiary hearing and a report and

---

[*] The defendant had two prior convictions which made him eligible to be sentenced as a career offender (see presentence report).

recommendation the defendant's claim that he is entitled to a delayed appeal because his counsel failed to file a notice of appeal (id.). An evidentiary hearing on this issue was scheduled for November 13, 2014, and attorney Craig Epifanio was appointed to represent the defendant at the hearing (Doc. 11).

## II.

At the time scheduled for the evidentiary hearing, the defendant appeared with his counsel. At the outset, I informed the defendant that his name appeared on a list of defendants who may be eligible for a sentence reduction pursuant to Amendment 782. In this regard, I advised him that, if I concluded that his sworn testimony at this hearing was false, I would recommend that the court, in the exercise of its discretion to consider the defendant's post-sentencing conduct, deny him a sentence reduction on that basis if he is determined to be eligible. Since I had every intention to make such a recommendation, I thought it only fair to warn the defendant of that intention before he testified.

The hearing was recessed to give defense counsel an opportunity to confer with the defendant. Upon reconvening, defense counsel stated that

the defendant wished to withdraw his claim of ineffective assistance of counsel based on a failure to file a notice of appeal. It is noted that, before and after the court recessed to permit the defendant to confer with counsel, I emphasized that it is presently unknown whether the defendant is eligible for a sentence reduction pursuant to Amendment 782, but that he is simply on the list for consideration.

Furthermore, as I told the defendant during the hearing, although the merits of any appeal were not at issue in this proceeding, see Gomez-Diaz v. United States, 433 F.3d 788, 793 (11th Cir. 2005), there was nothing to be gained from an appeal, as the written plea agreement which the defendant signed contained an appeal waiver, and his sentence did not violate any of the provisions excluded from the waiver. Thus, as Judge Merryday explained in his Order regarding the defendant's §2255 motion, the defendant's sentence was neither an upward departure nor above the statutory authorized maximum sentence of ten years (Doc. 9, p. 10). It certainly could not be considered cruel and unusual punishment. Judge Merryday similarly noted at sentencing that there appeared to be no right to appeal because that right had been waived (Case No. 8:10-CR-367-T-23TGW, Doc. 32, p. 21). Therefore, if

granted a belated appeal, the defendant's appeal would be defeated by the appeal waiver. Moreover, at most, the defendant's sentence would be reviewed for plain error and, in this case, there was no apparent error at all. Consequently, a belated appeal would be nothing more than a hollow victory.

For these reasons, I recommend that the defendant's withdrawal of the claim based on defense counsel's failure to file a notice of appeal be accepted.

Respectfully submitted,

DATED: NOVEMBER 20, 2014

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).