UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                    CASE NO. 8:10-cr-367-T-23TGW
                                                                                    8:12-cv-862-T-23EAJ
TIMOTHY J. CHADEE
_____/

## REPORT AND RECOMMENDATION

The Honorable Steven D. Merryday referred (Doc. 16) Chadee's ("Petitioner") amended motion to vacate sentence (Doc. 5) for this court to conduct an evidentiary hearing and to file a report and recommendation on Petitioner's claim that trial counsel rendered ineffective assistance by not filing a notice of appeal. Counsel was appointed under the Criminal Justice Act to represent Petitioner. (Doc. 10)

At an initial hearing, appointed counsel announced that Petitioner wished to withdraw his motion to vacate, but after some discussion a continuance was granted. (Doc. 20) Subsequently an evidentiary hearing was held on the issue of counsel's failure to appeal. (Doc. 22) Based on the findings of fact and conclusions of law below, this court recommends denying the motion to vacate because Petitioner fails to prove that he requested his trial counsel to file an appeal and that counsel failed to do so.

## Findings of Fact

At the evidentiary hearing two witnesses testified: Petitioner and Assistant Federal Public Defender Jenny Devine, who was Petitioner's trial counsel. Having

considered the file from the criminal proceeding, the testimony of the witnesses, and the exhibits that were admitted into evidence at the evidentiary hearing, the court finds the following facts are supported by a preponderance of the credible evidence:

    1.    Petitioner was indicted for knowingly possessing cannabis with the intent to distribute (Count One), knowingly possessing a firearm while being a convicted felon (Count Two), and knowingly possessing a firearm in furtherance of a drug trafficking crime (Count Three). Under the terms of the plea agreement, Count Three was dismissed in exchange for Petitioner's guilty plea to Counts One and Two. Petitioner was sentenced both to 110 months imprisonment, which was the low-end of the guidelines range, and to a subsequent 48 months of supervised release.

    2.    Under the terms of the plea agreement, Petitioner agreed to cooperate in the hopes of receiving a reduced sentence under §5K1.1, United States Sentencing Guidelines, before sentencing or under Rule 35, Federal Rules of Criminal Procedure, after sentencing.

    3.    On April 1, 2011 — the day after sentencing — defense counsel conferred with Petitioner for approximately one hour about sentencing issues and Petitioner's right to appeal. Although he understood that he had waived most of his appellate rights, Petitioner questioned counsel about the sentencing judge's statement that he had fourteen days to appeal. Petitioner testified (1) that he advised defense counsel to appeal because he thought that he should have received a sentence of only three to five years and (2) that defense counsel said that she would file an appeal.

However, defense counsel testified (1) that she advised Petitioner that there was no valid exception to the appeal waiver in the plea agreement, (2) that after their consultation Petitioner chose not to appeal, and (3) that counsel concurred that not appealing was a "good idea" because Petitioner still wanted to cooperate.[1]

4. Defense counsel testified that, notwithstanding the appeal waiver in the plea agreement, she would have filed a notice of appeal if Petitioner had wanted an appeal. Petitioner admits that he never contacted the public defender's office about an appeal after his post-sentencing conversation with defense counsel.

5. At the time of this criminal prosecution, defense counsel had nearly ten years experience as a public defender in the state and federal courts, and she had handled hundreds of cases in which the defendant was charged with a drug offense that also involved possessing a firearm.

6. Exhibit 1 (defense counsel's notes from her representation of Petitioner in the underlying criminal proceeding) contains the following entry for April 1, 2011, which was the date of sentencing: "saw client at jail and disc[usse]d appeal rights — client does not wish to appeal."

7. Exhibit 3 (defense counsel's April 20th, 2011, closing letter to Petitioner upon the conclusion of the criminal proceeding) contains the following sentence: "You

---

[1] Defense counsel testified that she advised Petitioner that he could lose any possible further sentence reduction if he appealed because appealing would mean that he was no longer cooperating. Petitioner does not raise this issue in his petition. It is apparent that cooperation was the primary goal of Petitioner both pre- and post-sentencing.

have indicated that you do not wish to appeal your sentence and I agree with your decision."

8. Exhibit 2 (defense counsel's form for closing the file within the public defender's office) contains the following summary of the case:

> Client is a career offender and was initially charged with three courts — the third being a 924(c). Client was facing about 30 years on that count, but after mitigation was presented to the Government, they agreed to dismiss that count in exchange for our agreement to debrief the client and not argue for a variance at sentencing. The client received a low-end sentence of about 9 years and will continue to cooperate. He does not wish to appeal this case.

9. These contemporaneously written notes corroborate defense counsel's testimony that Petitioner did not request her to file an appeal.

## **Analysis**

Petitioner claims that his defense counsel rendered ineffective assistance by failing to file a notice of appeal. To prove his claim Petitioner must meet the test established in *Strickland v. Washington*, 466 U.S. 668 (1984). The circuit court describes the test as follows:

> [F]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998). A claim that counsel was ineffective is governed by *Strickland*'s two-prong test and an allegation that counsel was ineffective for failing to file a notice of appeal is governed by *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000), and *Thompson v. United States*, 481 F.3d 1297 (2007).

In *Flores-Ortega* the Court highlighted three distinct situations involving counsel's alleged failure to protect the client's appellate rights: (1) counsel fails to file an appeal even though the defendant unquestionably expresses his desire to appeal,[2] (2) the defendant faults counsel for not appealing even though the defendant stated that he did not want an appeal,[3] and (3) the defendant's desire to appeal is not clearly expressed.[4] As determined below, the second scenario describes Petitioner's claim.

At the evidentiary hearing, Petitioner testified that, immediately after sentencing and before leaving the courtroom, he specifically asked defense counsel to file an appeal. However, defense counsel credibly testified that she consulted with Petitioner for nearly an hour about his appellate rights and that both she and Petitioner concurred that not appealing was a "good idea."

The preponderance of credible evidence, including the exhibits admitted into evidence at the evidentiary hearing, support defense counsel's testimony that Petitioner did not want an appeal and did not request defense counsel to file an appeal.

---

[2] *Roe v. Flores-Ortega*, 528 U.S. at 477 ("[A] defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision;  filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes.").

[3] *Roe v. Flores-Ortega*, 528 U.S. at 477.  ("At the other end of the spectrum, a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently.").

[4] *Roe v. Flores-Ortega*, 528 U.S. at 477 ("Is counsel deficient for not filing a notice of appeal when the defendant has not clearly conveyed his wishes one way or the other?" ).

Based on this finding, defense counsel did not perform deficiently, and Petitioner, "who explicitly t[old] his attorney not to file an appeal[,] plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Flores-Ortega*, 528 U.S. at 477. Petitioner fails to meet his burden of proof under *Strickland* (1) that defense counsel performed deficiently and (2) that the deficient performance prejudiced the defense.

## **Conclusion**

Consistent with *Flores-Ortega* and *Thompson*, this court finds that defense counsel met her obligation to consult with her client about appealing and that Petitioner decided not to appeal. As a consequence, Petitioner cannot now complain that defense counsel did not appeal. Accordingly, this court recommends that Petitioner's amended Section 2255 motion to vacate (Doc. 5) be **DENIED**.

Dated this 29th day of May, 2015.

ELIZABETH A JENKINS
United States Magistrate Judge

NOTICE TO PARTIES
Failure to file written objections to the proposed findings and recommendation contained in this report within fourteen days from the date of service shall bar an aggrieved party from attacking the factual findings on appeal and a de novo

determination by the district judge.  See 28 U.S.C. § 636(b)(1); Rule 72, Fed. R. Civ. P.; and Local Rule 6.02.